IN THE DISTRICT COURT OF THE UNITED STATES FOR
THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James R. Watson, Jr.,<br><br>Plaintiff,<br><br>v.<br><br>Administrative Office of the United States Courts,<br><br>Defendant. | Case No. 4:26-cv-02115-SAC<br><br><br><br>**OPINION AND ORDER** |

This matter is before the Court on a Report and Recommendation ("Report") of the Magistrate Judge, ECF No. 11; Plaintiff's Motion for Preliminary Injunction, ECF No. 4; Plaintiff's Motion for Leave to Amend Complaint, ECF No. 13; and Plaintiff's Renewed Motion for Limited PACER Fee Exemption and Restoration of Search Access, ECF No. 29. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings.

For the reasons stated herein, the Court summarily dismisses Plaintiff's Complaint and denies Plaintiff's Motion for Preliminary Injunction, Plaintiff's Motion for Leave to Amend Complaint, and Plaintiff's Renewed Motion for Limited PACER Fee Exemption and Restoration of Search Access.

## BACKGROUND

Plaintiff, proceeding *pro se* and *in forma pauperis*, brings this civil action for declaratory and injunctive relief for access to electronic court records through Public Access to Court Electronic Records ("PACER"). ECF No. 1. Plaintiff alleges he is a *pro se* litigant in multiple federal proceedings,[1] he accumulated PACER fees when he accessed his federal court cases

[1] Plaintiff has numerous civil cases pending in this District. *See Watson v. United States*, No. 4:26-

through PACER, he requested "PACER exemption relief through motions filed in federal court," in *Watson v. Darlington County*, 4:25-cv-13099-SAL-TER, and, while those motions were pending, his PACER account was disabled due to unpaid fees.[2] ECF No. 1 at 1-2. Plaintiff argues that because of the suspension of his PACER account, he is unable to access the dockets of his pending cases to review filings, "monitor service," and review orders. *Id.* at 2. Plaintiff further alleges that the restriction of his PACER account while his motions for "PACER exemption relief" are pending impairs his "meaningful access to the courts." *Id*. Plaintiff seeks injunctive relief allowing temporary PACER access during review of his "exemption motions," among other related relief. *Id*. at 3.

On June 2, 2026, the Magistrate Judge issued a Report recommending that this action be summarily dismissed without prejudice and without issuance and service of process. ECF No. 11. The Magistrate Judge further denied Plaintiff's motion for preliminary injunction for the same reasons as was recommended the Complaint be summarily dismissed. *Id*. at 3. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. *Id.* at 4. On June 3, 2026, the Clerk docketed Plaintiff's objections.[3] ECF No. 14.

---

cv-01806-SAC-TER; *Watson v. Blue Cross Blue Shield of South Carolina*, No. 4:26-cv-01555-SAC; *Watson v. South Carolina Judicial Dept.*, No. 4:26-cv-01463-SAC; *Watson v. Darlington Cnty.*, 4:25-cv-13099-SAL-TER; and *Watson v. United States Postal Service*, No. 4:26-cv-03850-SAC-TER.

[2] In *Watson v. Darlington County*, 4:25-cv-13099-SAL-TER, Plaintiff filed eight (8) motions related to the suspension of his PACER account for nonpayment and request that PACER fees be waived. As further discussed in this Order, the Magistrate Judge issued an Order on the eight (8) motions filed by Plaintiff in *Watson v. Deputy Dawn M. Hutchinson*, No. 4:25-cv-13099-SAL-TER, after the issuance of the Report in this action. *See* Order, *id.*, ECF No. 89 (June 16, 2026).

[3] After filing objections to the Report, ECF No. 14, Plaintiff filed "supplements" and additional documents concerning "developments" regarding his PACER access. *See* ECF Nos. 15; 16; 21;

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. *Mathews v. Weber*, 423 U.S. 261, 271 (1976). The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Id.* The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. *See* 28 U.S.C. § 636(b). The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *Id.* In the absence of an objection, the Court will review the Report for clear error. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (citation modified).

Although "objections need not be novel to be sufficiently specific," *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023), "a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection," *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (internal quotation marks omitted); *see Regassa v. Warden of FCI Williamsburg*, No. 8:22-cv-466-SAL, 2023 WL 2386515, at *2 (D.S.C. Mar. 7, 2023) (concluding an objection was nonspecific because the petitioner "ignore[d] the magistrate judge's analysis and repeat[ed] the arguments he made in his opposition brief"); *Velez v. Williams*, No. 9:19-cv-03022-JMC, 2021 WL 837481, at *5 (D.S.C. Mar. 5, 2021) (reviewing for clear error only when the petitioner's objections were "rehashed, general, and non-

30 and 31. The Court has carefully reviewed and considered these filings in reaching its decision in this Order.

specific"), *appeal dismissed*, 2021 WL 5879177 (4th Cir. Dec. 13, 2021). "Even so, when confronted with the objection of a pro se litigant, [courts] must also be mindful of [their] responsibility to construe pro se filings liberally." *Martin*, 858 F.3d at 245.

## ANALYSIS

### I. The Report

The Magistrate Judge recommends dismissing this action without prejudice because Plaintiff failed to state a claim upon which relief could be granted. ECF No. 11. As the Report states, "PACER fees being owed are not the equivalent of no access to court where Plaintiff is proceeding *pro se* and the public record displays meaningful access to court." *Id.* at 2-3. In his objections, Plaintiff reiterates the allegations in his Complaint, opposes dismissal, and generally argues that he should have temporary access to PACER while his "exemption requests remain pending" and without such real-time access, he is denied meaningful access to the court. ECF No. 14 at 1-2. In Plaintiff's supplemental filings to his objections, Plaintiff reiterates that his PACER search privileges remain disabled. *See* ECF Nos. 15; 16; 21; 30; 31.

After Plaintiff filed this action and after the filing of the Report, the Magistrate Judge issued an Order on eight (8) motions filed by Plaintiff related to his request that PACER fees be waived that are the subject of this action. *See* Order, *Watson v. Deputy Dawn M. Hutchinson*, No. 4:25-cv-13099-SAL-TER, ECF No. 89 (June 16, 2026). In the Order, the Court denied Plaintiff's motion for temporary PACER fee exemption, finding Plaintiff "failed to demonstrate that an exemption of payment of PACER fees is necessary to avoid unreasonable burdens or to promote public access to information." *Id.* at 7. The Order further instructed Plaintiff about the actions he needed to take if he wanted to restore his PACER account access. *Id.* at 8.

In this action, Plaintiff requests temporary PACER access while the motions to be exempt from PACER fees remain pending. ECF No. 1 at 3. As the Magistrate Judge found in his order denying Plaintiff's motions, PACER allows users to "view and print case filings, judicial opinions, and other docket information from the federal trial, bankruptcy, and appellate courts." *See In re Gollan*, 728 F.3d 1033, 1035 (9th Cir. 2013). While PACER charges user fees, certain exemptions exist for "classes of persons for whom fees would be an unreasonable burden." *Id*. Indeed, the PACER Service Center has identified when a court may grant an exemption from PACER fees:

> A court may, for good cause, exempt persons or classes of persons from the electronic public access fees, in order to avoid unreasonable burdens and to promote public access to such information. This language is intended to provide a mechanism by which a court may, upon appropriate demonstration of need, grant an exemption from fees for the use of electronic access to court data.

*Scott v. South Carolina*, No. 6:08-1684-GRA-WMC, 2009 WL 750419, at *1 (D.S.C. Mar. 18, 2009) (quoting *James v. City of Omaha*, No. 8:07CV121, 2007 WL 1725619, at *1 (D. Neb. June 13, 2007)), *aff'd,* 343 F. App'x 864 (4th Cir. 2009). "[A]ny such exemption should be the exception not the rule." *Scott*, 2009 WL 750419, at *1.

Plaintiff has not made a specific showing that an exemption is necessary to avoid unreasonable burdens and promote public access to information. *See Brown v. Henderson Cnty. Sheriff's Office*, No. 1:23-CV-00270-MR-WCM, 2024 WL 1739748, at *1 (W.D.N.C. Apr. 23, 2024) (noting plaintiff's contention that she could not "afford to pay" the PACER fee she incurred was insufficient to establish an unreasonable burden as she "ha[d] not submitted any evidence indicating that it would be particularly burdensome for her to pay the fee she incurred" and that *in forma pauperis* status is not in itself sufficient); *Baker v. SC Dowdy LLC*, No. 3:21-01191-MGL, 2022 WL 203079, at *2 (D.S.C. Jan. 24, 2022) (denying a motion for waiver of PACER fees as Plaintiff failed to show why he needs free access to PACER and noting "PACER is of no value to

[Plaintiff] in a case where he is a litigant."). Plaintiff alleges he is unable to "access the docket, review filings, monitor service, review court orders, and effectively participate in ongoing litigation" without PACER access. ECF No. 1 at 2. However, Plaintiff, who is proceeding *in forma pauperis*, is automatically provided with one copy of all court filings free of charge. ECF No. 11 at 2. Plaintiff's actions demonstrate he is able to effectively participate in his federal cases pending in this District as he regularly files documents with this Court, which are docketed by the Clerk. As noted in the Report, Plaintiff also has access to a computer in the Clerk's office. *Id.*

Not only does Plaintiff fail to state a claim for relief for the reasons articulated in the Report and this Order, Plaintiff's claims are also rendered moot by the Magistrate's denial of Plaintiff's motions requesting an exemption to PACER fees in *Watson v. Deputy Dawn M. Hutchinson*, No. 4:25-cv-13099-SAL-TER, ECF No. 89.[4]

Further, to the extent Plaintiff is seeking to relitigate the issue of his PACER access and fee exemption already decided in *Watson v. Deputy Dawn M. Hutchinson*, No. 4:25-cv-13099-SAL-TER, collateral estoppel "bars the relitigation of specific issues that were actually determined in a prior action." *Sartin v. Macik*, 535 F.3d 284 (4th Cir. 2008). This Court finds Plaintiff had a full and fair opportunity to litigate the issues related to his PACER account access in *Watson v. Deputy Dawn M. Hutchinson*, No. 4:25-cv-13099-SAL-TER.

Finally, while the Court is mindful that *pro se* complaints are held to a less stringent standard than those drafted by attorneys, *White v. Whit*e, 886 F.2d 721 (4th Cir. 1989), the Court cautions Plaintiff against filing complaints that are repetitive, duplicative of other filings, without

---

[4] Plaintiff's Motion for Preliminary Injunction seeks the same relief as the Complaint. ECF No. 4. The Court denies Plaintiff's Motion for Preliminary Injunction for the same reasons the Court summarily dismisses this action.

merit, or frivolous as such actions are an abuse of the district court process. *See Cottle v. Bell*, 229 F.3d 1142 (4th Cir. 2000) (per curiam) ("Because district courts are not required to entertain duplicative or redundant lawsuits, they may dismiss such suits as frivolous pursuant to [28 U.S.C.] § 1915(e).").

**II. Plaintiff's Motion to Amend Complaint**

After the issuance of the Report, Plaintiff filed a Motion for Leave to Amend the Complaint. ECF No. 13. The Court has carefully reviewed Plaintiff's proposed Amended Complaint. *See* ECF No. 13-2. By the proposed Amended Complaint, Plaintiff again seeks access to PACER and the removal of his PACER account restrictions while his request for a PACER fee exemption is pending. *Id*. The Court finds that the proposed Amended Complaint would be futile for the same reasons articulated in this Order and the Report. *See Dowdle v. Mueller*, No. 4:25-cv-12630-JFA-TER, 2026 WL 2117345, at *2 (D.S.C. July 23, 2026) ("[A] motion to amend a complaint is futile if the proposed claim would not survive a motion to dismiss.").

**III. Plaintiff's Renewed Motion for Limited Pacer Fee Exemption and Restoration of Search Access**

After the issuance of the Report, Plaintiff also filed a Renewed Motion for Limited Pacer Fee Exemption and Restoration of Search Access ("Renewed Motion"). ECF No. 29. In this Renewed Motion, Plaintiff again seeks a PACER fee exemption "with particular application to Plaintiff's litigation and monitoring needs" in *Watson v. Deputy Dawn M. Hutchinson*, No. 4:25-cv-13099-SAL-TER. Plaintiff makes a conclusory statement that such access is "necessary to avoid unreasonable burdens upon his ability to monitor his pending federal litigation and would promote meaningful access to federal court information." ECF No. 29 at 2. For the same reasons already discussed, Plaintiff has failed to demonstrate that a PACER fee exemption is necessary "to

avoid unreasonable burdens and to promote public access to such information." *See Scott*, 2009 WL 750419, at *1. Therefore, the Court denies Plaintiff's Renewed Motion.

## **CONCLUSION**

The Court concludes that Plaintiff's objections, liberally construed, fail to address the Report's findings and recommendations. Nevertheless, out of an abundance of caution for the *pro se* party, the Court has conducted a *de novo* review of the Report, the record, and the applicable law. Upon such review, the Court accepts the Report and Recommendation of the Magistrate Judge as supplemented by this Order and incorporates it by reference. Accordingly, this action is **DISMISSED** without prejudice and without issuance and service of process. Plaintiff's Motion for Preliminary Injunction [ECF No. 4] is **DENIED** for the same reasons the Court summarily dismisses this action. Additionally, Plaintiff's Motion for Leave to Amend Complaint [ECF No. 13] and Plaintiff's Renewed Motion for Limited PACER Fee Exemption and Restoration of Search Access [ECF No. 29] are **DENIED**.

**IT IS SO ORDERED**.

United States District Judge

September 10, 2026
Greenville, South Carolina

## **NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.